UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAVID DISHNER, )
)
Plaintiff, )
)
v. ) No. 2:21-CV-00168-JRG-CRW
)
JEFF CASSIDY, CHIEF CARSWELL, and )
CAPTAIN DILLARD,[1] )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff David Dishner, a Sullivan County Detention Center inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that, as no one at Sullivan County interviewed him about the charge against him for attempted murder of a gang member, he was housed with inmates who were members of the same gang as his alleged victim, and those gang member inmates "jumped" him on two separate occasions [Doc. 1 at 3-4]. Plaintiff Dishner has also filed a motion for leave to proceed *in forma pauperis* [Doc. 4], a supplemental motion for leave to proceed *in forma pauperis*, an amended complaint that the Court construes as a motion to amend the complaint [Doc. 7], and his inmate trust fund account certificate [Doc. 9]. For the reasons set forth below, Plaintiff Dishner's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**, his supplemental motion for leave to proceed in forma pauperis [Doc. 6] will be **DENIED as moot**, the motion to amend the complaint [Doc. 7] will be **DENIED**, and Plaintiff Dishner will have thirty days from the date of entry of this order to file an amended complaint.

---

[1] While the Court's docket currently lists the Sullivan County Detention Center as a Defendant, Plaintiff Dishner did not name this building as a Defendant in his original complaint [Doc. 1 at 1], and, as set forth below, the Court will deny Plaintiff Dishner's motion to amend his complaint [Doc. 7]. Thus, the Clerk will be **DIRECTED** to terminate the Sullivan County Detention Center as a Defendant.

I. **FILING FEE**

It appears from Plaintiff Dishner's motion for leave to proceed *in forma pauperis* [Doc. 4] and his signed prisoner trust fund account statement [Doc. 9] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] will be **GRANTED** and his supplemental motion for leave to proceed *in forma pauperis* [Doc. 6] will be **DENIED as moot**.

As he is a Sullivan County Detention Center inmate, Plaintiff Dishner will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff Dishner's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 220 West Market Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six months before the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff Dishner's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff Dishner is now confined and to the Court's financial deputy. This order shall be placed in Plaintiff Dishner's file and follow him if he is transferred to another correctional institution.

## II. AMENDED COMPLAINT

After the Court entered a deficiency order regarding Plaintiff Dishner's initial motion for leave to proceed *in forma pauperis* [Doc. 5], Plaintiff Dishner filed an amended complaint that includes the names of several inmates in the portion of the complaint form designated for "the [name] of the plaintiff in this action" [Doc. 7 at 1]. The substance of this amended complaint challenges the inmates' loss of privileges in their restricted housing, as the inmates are in the restricted housing because they are incompatible with numerous inmates in the jail, rather than disciplinary reasons [*Id.* at 3–4].

First, Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a complaint "as a matter of course" within twenty-one days after service, or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Plaintiff Dishner filed the amended complaint prior to service of the complaint on Defendants, and thus Rule 15(a) required him to obtain Defendants' consent or leave of Court to amend his complaint. Fed. R. Civ. P. 15(a)(2). Nothing in the record indicates that Plaintiff obtained Defendants' consent to amend his complaint. As such, the Court construes the amended complaint as a motion to amend the complaint.

Also, while the amended complaint names multiple inmates as Plaintiffs, Plaintiff Dishner is the only inmate who signed it [*Id.* at 5], as well as the only inmate who filed a motion for leave to proceed *in forma pauperis*. And Plaintiff Dishner cannot represent other inmates. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (providing that parties may not represent the interests of others while appearing pro se). Additionally, Plaintiff Dishner has now filed a separate lawsuit challenging his loss of privileges due to his restricted housing arrangements with this Court. *Dishner v. Sullivan Cty. Det. Center, et al.*, No. 2:22-CV-014-JRG-CRW (filed Feb. 2, 2022). Moreover, in its deficiency order regarding Plaintiff' Dishner's first motion for leave to proceed

*in forma pauperis*, the Court notified Plaintiff Dishner that it "[would] not consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act" [Doc. 5 at 2].

For all these reasons, Plaintiff Dishner's motion to amend his complaint [Doc. 7] will be **DENIED**.

### III. COMPLAINT SCREENING

#### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to

4

a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Analysis**

As set forth above, Plaintiff Dishner asserts in his complaint that jail officials failed to interview him about the charge against him for attempted murder of a gang member and therefore housed him with inmates who were members of the same gang as the victim, and these gang member inmates "jump[ed]" Plaintiff Dishner on two separate occasions [Doc. 1 at 3–4]. Plaintiff has sued Sheriff Jeff Cassidy, Chief Carswell, and Captain Dillard [*Id.* at 1]. As relief, Plaintiff requests to be housed safely in the Sullivan County Jail without loss of privileges, as well as punitive damages [*Id.* at 5].

However, Defendants cannot be liable under §1983 based only on their supervision of employees, and Plaintiff Dishner's complaint does not set forth any facts from which the Court can plausibly infer that any named Defendant was personally involved in any violation of Plaintiff Dishner's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, as filed. Nevertheless, the Court will allow Plaintiff Dishner thirty (30) days from the date

5

of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible.[2] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

IV. **CONCLUSION**

For the reasons set forth above:

1. The Clerk is **DIRECTED** to terminate the Sullivan County Detention Center as a Defendant listed on the Court's docket;

2. Plaintiff Dishner's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED** and Plaintiff Dishner's supplemental motion for leave to proceed in forma pauperis [Doc. 6] is **DENIED as moot**;

3. Plaintiff Dishner is **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff Dishner's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff Dishner is now confined and to the Court's financial deputy;

6. Plaintiff Dishner's motion to amend his complaint [Doc. 7] is **DENIED**;

7. The Clerk is also **DIRECTED** to send Plaintiff Dishner a form § 1983 complaint;

8. Plaintiff Dishner has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

9. Plaintiff Dishner is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

---

[2] Plaintiff Dishner is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff Dishner **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in her original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

6

10. Plaintiff Dishner is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

11. Plaintiff Dishner is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
